CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAY 31 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

UNITED STATES OF AMERICA          :
                                  :
v.                                :   Case No. 2:16CR19
                                  :
BRESEE TRUCKING COMPANY, INC.     :

## PLEA AGREEMENT

BRESEE TRUCKING COMPANY, INC. ("BRESEE TRUCKING") has agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. CHARGE(S) TO WHICH BRESEE TRUCKING IS PLEADING GUILTY AND WAIVER OF RIGHTS

**1. The Charges and Potential Punishment**

BRESEE TRUCKING's attorney has informed it of the nature of the charges and the elements of the charges that must be proved by the United States beyond a reasonable doubt before BRESEE TRUCKING could be found guilty as charged.

BRESEE TRUCKING agrees to plead guilty to Counts 1 and 2 of an Information.

Count 1 charges BRESEE TRUCKING with aiding and abetting the willful violation of a mandatory mine safety health or safety standard by providing advance notice of inspections, in violation of 30 U.S.C. § 820(d). Count 2 charges BRESEE TRUCKING with willfully violating a mandatory mine safety health or safety standard, in violation of 30 U.S.C. § 820(d). The maximum statutory penalty for each count is a fine of $250,000 and/or a five-year term of probation, pursuant to 18 U.S.C. § 3561(c)(2).

BRESEE TRUCKING understands restitution may be ordered, its assets may be subject to forfeiture, and fees may be imposed to pay for probation. In addition, a $125 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per misdemeanor count of conviction. BRESEE TRUCKING further understands its term of probation

*Authorized Corporate Officer's Initials:* _____

Page 1 of 14

may be revoked if BRESEE TRUCKING violates its terms and conditions.

BRESEE TRUCKING is pleading guilty as described above because it is in fact guilty and because it believes it is in its best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

### 2. Waiver of Constitutional Rights Upon a Plea of Guilty

BRESEE TRUCKING knowingly waives and gives up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses on its own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

## B. SENTENCING PROVISIONS

### 1. General Matters

BRESEE TRUCKING understands the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). BRESEE TRUCKING understands it will have an opportunity to review a copy of its presentence report in advance of its sentencing hearing and may file objections, as appropriate. BRESEE TRUCKING will have an opportunity at its sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

BRESEE TRUCKING understands the Court is not bound by any

*Authorized Corporate Officer's Initials:* ___

recommendation or stipulation contained in this agreement and may sentence it up to the statutory maximum. BRESEE TRUCKING understands it will not be allowed to withdraw its plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

BRESEE TRUCKING understands if the sentence is more severe than it expected, it will have no right to withdraw its plea.

## 2. Sentencing Guidelines

BRESEE TRUCKING stipulates and agrees that all matters pertaining to the Information are relevant conduct for purposes of sentencing.

BRESEE TRUCKING understands guideline sections may be applicable to its case and the United States and it will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

## 3. Monetary Obligations

### a. Special Assessments

BRESEE TRUCKING understands organizations convicted of crimes are required to pay a mandatory assessment of $125.00 per misdemeanor count of conviction.

### b. Restitution to Former Employees

Pursuant to 18 U.S.C. § 3663(a)(3), which states that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement," BRESEE TRUCKING agrees to the imposition of restitution in the amount of $35,000.00 to Everette Minton and $35,000.00 to William Morrison. Payment for such restitution is part of, not in addition to, the $73,500.00 in payments to be made by monthly payment as set forth in Section B(3)(e).

### c. Civil Settlement Payments

Pursuant to the Civil Settlement Agreement (attached as Attachment A), BRESEE TRUCKING agrees to pay a total of $300,000.00 to resolve its outstanding civil actions brought by the United States Department of Labor in the following docket numbers:

*Authorized Corporate Officer's Initials:* _____

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2012-559:
Citation/Order No. 8101707

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2012-560:
Citation/Order Nos. 8181701 & 8181708

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2012-598:
Citation/Order No. 8172797

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2011-572:
Citation/Order No. 8184261

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2011-725:
Citation/Order Nos. 8175497 & 8175499

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2012-603:
Citation/Order No. 8193723

*Secretary of Labor (MSHA) v. Bresee Trucking*, VA 2013-30:
Citation/Order Nos. 8193719 & 8193721

BRESEE TRUCKING acknowledges and agrees with the allegations set forth in the Government's filings in those matters.

Prior to entering its guilty plea, BRESEE TRUCKING will submit to the U.S. Department of Labor, a certified check, money order, or attorney's trust check, made payable to the "U.S. Department of Labor" in the amount of $200,000.00 toward its obligations under the Civil Settlement Agreement prior to entering its plea of guilty.

On or before the 15th day of the sixth month following the entry of its guilty plea, and on or before the 15th day of each subsequent month, BRESEE TRUCKING will submit to the U.S. Department of Labor, a certified check, money order, or attorney's trust check, made payable to the "U.S. Department of Labor" in the amount of $15,000.00 until the Civil Settlement Agreement is fully complied with.

Notwithstanding any other provision of this plea agreement, if the payment schedule set forth herein would not result in all payments called for in this plea agreement to be paid in full prior to the expiration of BRESSEE TRUCKING's term of probation, BRESSEE TRUCKING agrees that it will pay in full all payments required under this plea agreement not less than 15 days prior to the scheduled termination of BRESEE TRUCKING's term of probation.

*Authorized Corporate Officer's Initials:* ____

### d. Fine

Based on the large monetary payments recited in this plea agreement, the parties agree to jointly recommend a fine of $3,500.00.

### e. Payments

BRESEE TRUCKING will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $250.00 prior to entering its plea of guilty.

On or before the 15th day of the first month following the entry of its guilty plea, and on or before the 15th day of the next three subsequent months, BRESEE TRUCKING will submit a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $15,000.00. On or before the 15th day of the fifth month following the entry of its guilty plea, BRESEE TRUCKING will submit a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $13,500.00.

### f. Monetary Payments as Probation Condition

BRESEE TRUCKING agrees that a condition of probation should be that it comply with all payment arrangements set forth in this plea agreement.

### g. Duty to Make Financial Disclosures

BRESEE TRUCKING understands in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any necessary collection of those sums, BRESEE TRUCKING agrees, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by BRESEE TRUCKING, for the period starting on January 1st of the year prior to the year the offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

BRESEE TRUCKING is an ongoing business. So long as it is in compliance with the payment provisions of this Agreement, transfers assets only within the normal course of its business, and continues to be a viable business, the obligations of Sections B(3)(g) and B(3)(h) shall be suspended, except that the understandings enumerated in subparagraphs B(3)(h)(1 – 7) shall remain in full force and effect.

*Authorized Corporate Officer's Initials:* ___

### h. Understanding of Collection Matters

BRESEE TRUCKING agrees to make good faith efforts toward payment of all monetary payments imposed, with whatever means it has at its disposal. BRESEE TRUCKING agrees failure to do so will constitute a violation of this agreement. BRESEE TRUCKING will execute any documents necessary to release the funds it has in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in this case.

BRESEE TRUCKING understands and agrees, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. BRESEE TRUCKING understands if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

BRESEE TRUCKING agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

BRESEE TRUCKING agrees the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

*Authorized Corporate Officer's Initials:* _____

BRESEE TRUCKING understands:

1. as part of the judgment in this case it will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. BRESEE TRUCKING must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include BRESEE TRUCKING's name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on BRESEE TRUCKING's real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if BRESEE TRUCKING retains counsel to represent it regarding the United States' efforts to collect any monetary obligations, it will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of legal representation; and
7. BRESEE TRUCKING, or its attorney if an attorney will represent it regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. ADDITIONAL MATTERS

### 1. Waiver of Right to Appeal

Knowing that it has a right of direct appeal of its sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, BRESEE TRUCKING expressly waives the right to appeal its sentence on those grounds or on any ground. In addition, it hereby waives its right of appeal as to any and all other issues in this matter and agrees it will not file a notice of appeal. BRESEE TRUCKING is knowingly and voluntarily waiving any right to appeal. By signing this agreement, BRESEE TRUCKING is explicitly and irrevocably directing its attorney not to file a notice of appeal. *Notwithstanding any other language to the contrary, BRESEE TRUCKING is not waiving its right to appeal or to have an attorney file a notice of appeal, as to any issue which cannot be waived, by law.* BRESEE TRUCKING understands the United States expressly reserves all of its rights to appeal. **BRESEE TRUCKING agrees and understands if it files any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any**

*Authorized Corporate Officer's Initials:* _____

Page 7 of 14

order imposed in the case such action shall constitute a failure to comply with a provision of this agreement.

### 2. Waiver of Right to Collaterally Attack

To the extent a corporation has any right to such relief, BRESEE TRUCKING is waiving its right to collaterally attack, in any future proceeding, any order issued in this matter. BRESEE TRUCKING agrees and understand that if it files any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in the case, such action shall constitute a failure to comply with a provision of this agreement.

### 3. Information Access Waiver

BRESEE TRUCKING knowingly and voluntarily agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 4. Abandonment of Seized Items

By signing this plea agreement, BRESEE TRUCKING hereby abandons its interest in, and consents to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. BRESEE TRUCKING further waives any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 5. Agreement Contingent On Full Compliance With Plea Agreement By Co-Defendant Hillis Bresee

BRESEE TRUCKING understands the United States entered into this agreement, in part, because of the expense the Government was saved by not proceeding to trial. BRESEE TRUCKING understands if Hillis Bresee does not enter a guilty plea as agreed to in his plea agreement and/or if Hillis Bresee fails to comply with any provision of his plea agreement, the United States may declare this plea agreement void and/or seek any

*Authorized Corporate Officer's Initials:* _____

Page 8 of 14

other remedy set forth in the plea agreement. BRESEE TRUCKING does not have the right to declare the plea agreement void.

### 6. Agreement To Comply With Civil Settlement Agreement

BRESEE TRUCKING understands the United States entered into this agreement, in part, because of the penalties BRESEE TRUCKING is paying as part of the Civil Settlement Agreement (attached as "Attachment A"). BRESEE TRUCKING agrees to fully comply with the Settlement Agreement. If BRESEE TRUCKING does not fully comply with the Civil Settlement Agreement, the United States may declare the plea agreement void and/or seek any other remedy set forth in the plea agreement. BRESEE TRUCKING does not have the right to declare the plea agreement void.

### 7. Remedy If Civil Settlement Agreement Is Not Accepted

If an administrative law judge fails to accept the Civil Settlement Agreement, both the United States and BRESEE TRUCKING retain the right to declare the plea agreement void. To declare the plea agreement void, the United States or BRESEE TRUCKING must provide written notice to the other party within ten days of an administrative law judge rejecting the Civil Settlement Agreement. If BRESEE TRUCKING declares the plea agreement void and wishes to withdraw its pleas of guilty, it must move to withdraw its pleas of guilty at the same time it provides written notice declaring the plea agreement void. If BRESEE TRUCKING follows the steps set forth in the preceding sentence, the United States agrees it will not object to BRESEE TRUCKING's withdrawal of its pleas of guilty.

### 8. Admissibility of Statements

BRESEE TRUCKING understands any statements made on its behalf (including this plea agreement, and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made to law enforcement agents, in any setting (including during a proffer), may be used against it in this or any other proceeding. BRESEE TRUCKING knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

### 9. Additional Obligations

BRESEE TRUCKING agrees not to commit any of the following acts:

*Authorized Corporate Officer's Initials:* _____

Page 9 of 14

- attempt to withdraw it guilty plea;
- deny it committed any crime to which it has pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- fail to enter its plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court; or
- fail to comply with any reasonable request of the United States Attorney's Office.

## D. REMEDIES AVAILABLE TO THE UNITED STATES

BRESEE TRUCKING hereby stipulates and agrees that the United States Attorney's office may, at its election, pursue any or all of the following remedies if BRESEE TRUCKING fails to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, BRESEE TRUCKING agrees if, for any reason, its conviction is set aside, or it fails to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. BRESEE TRUCKING hereby waives its right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any such charges. BRESEE TRUCKING also hereby waives any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate BRESEE TRUCKING's obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

*Authorized Corporate Officer's Initials:* _____

## E. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute BRESEE TRUCKING for any offense(s) committed within their respective jurisdictions.

### 2. Effect of Signature

BRESEE TRUCKING understands its Authorized Corporate Officer's signature on this agreement constitutes a binding offer by BRESEE TRUCKING to enter into this agreement. BRESEE TRUCKING understands the United States has not accepted its offer until it signs the agreement.

### 3. Effective Representation

BRESEE TRUCKING has discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against it with its attorney and is fully satisfied with its attorney and its attorney's advice. At this time, BRESEE TRUCKING has no dissatisfaction or complaint with its attorney's representation. BRESEE TRUCKING agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint it may have with its attorney's representation.

### 4. Misconduct

If BRESEE TRUCKING have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, BRESEE TRUCKING agrees to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than its sentencing hearing.

### 5. Final Matters

BRESEE TRUCKING understands a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into

*Authorized Corporate Officer's Initials:* _____

consideration. BRESEE TRUCKING understands any calculation regarding the guidelines by the United States Attorney's Office or by its attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on its case.

BRESEE TRUCKING understands the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

BRESEE TRUCKING understands the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

BRESEE TRUCKING willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the Information to which it is pleading guilty.

BRESEE TRUCKING understands this agreement does not apply to any crimes or charges not addressed in this agreement.

BRESEE TRUCKING understands its attorney will be free to argue any mitigating factors on its behalf, to the extent they are not inconsistent with the terms of this agreement. BRESEE TRUCKING understands it will have an opportunity to personally address the Court prior to sentence being imposed.

This writing, the plea agreement reached with Hillis Bresee, and the Civil Settlement Agreement set forth the entire understanding between the parties and constitutes the complete agreement between the United States Attorney for the Western District of Virginia and BRESEE TRUCKING, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and BRESEE TRUCKING.

BRESEE TRUCKING has consulted with its attorney and fully understands all its rights. BRESEE TRUCKING's authorized representative has read this plea agreement and carefully reviewed every part of it with its attorney. BRESEE TRUCKING understands this agreement and voluntarily agrees to it. BRESEE TRUCKING has not

*Authorized Corporate Officer's Initials:* _____

Page 12 of 14

Case 2:16-cr-00019-PMS   Document 7   Filed 05/31/16   Page 12 of 15   Pageid#: 33

been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for its plea of guilty. Being aware of all of the possible consequences of its plea, BRESEE TRUCKING has independently decided to enter this plea of its own free will, and is affirming that agreement on this date and by its authorized representative's signature below.

The Authorized Corporate Officer, by his signature below, hereby certifies to the following:

1. He has read the entire Plea Agreement and documents referenced herein and discussed them with BRESEE TRUCKING's owners;
2. BRESEE TRUCKING understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations;
3. BRESEE TRUCKING is fully satisfied with BRESEE TRUCKING's attorneys' representation during all phases of this case;
4. BRESEE TRUCKING is freely and voluntarily pleading guilty in this case;
5. BRESEE TRUCKING is pleading guilty as set forth in this Plea Agreement because it is guilty of the crimes to which it is entering its pleas of guilty;
6. BRESEE TRUCKING acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer. A copy of a certification by BRESEE TRUCKING's Board of Directors authorizing the Authorized Corporate Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of BRESEE TRUCKING is attached.

Date: April 18 2016

Authorized Corporate Officer of
BRESEE TRUCKING COMPANY, INC.,
Defendant

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

*Authorized Corporate Officer's Initials:* ___

Page 13 of 14

Date: April 18, 2016        *[signature: WB Bradshaw]*
                            Bill Bradshaw, Esq.
                            Counsel for Defendant

Date: May 27, 2016          *[signature: Kevin Jayne]*
                            Kevin Jayne
                            Special Assistant United States Attorney

Authorized Corporate Officer's Initials: *[initials]*

Page 14 of 14

## BRESEE TRUCKING COMPANY, INC.

## CONSENT OF SOLE DIRECTOR

The undersigned, being the sole director of Bresee Trucking Company, Inc. ("Company") hereby consents to the adoption of the following resolutions:

RESOLVED, that Hillis Bresee, President of the Company, be, and he is hereby, designated as Authorized Corporate Officer, and is hereby authorized to acknowledge on behalf of the Company its acceptance of the plea agreement between the United States of America and Bresee Trucking Company, Inc. bearing date of April 18, 2016, and

FURTHER RESOLVED, that the Authorized Corporate Officer be, and he is hereby, authorized to execute and perform the plea agreement on behalf of the Company as well as such other documents as he may find appropriate, necessary or convenient to fully resolve the matters addressed in the plea agreement on behalf of the Company.

Effective Date: April 18, 2016

_____
Hillis Bresee, Sole Director